[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, Adam DuPerry, brought this petition of writ of habeas corpus to vacate his February 28, 1989 commitment to the custody of the Psychiatric Security Review Board ("PSRB") resulting from a pre-arranged non-adversarial disposition hearing on December 20, 1988 wherein he pleaded not guilty with an affirmative defense of mental disease or defect (NGRI) to one count of Arson in the First Degree, C.G.S. §53a-111(a)(1), and one count of the Manufacture of Bombs, C.G.S. § 53a-80a. CT Page 9383
The original petition of writ of habeas corpus, dated August 15, 1995, as amended August 20, 1997, was tried before Hodgson, J., who after a full hearing, dismissed the petition. The court found that the petitioners two claims; (1) that he was no longer mentally ill and that his release would not constitute a danger to himself or others, and, (2) that he was denied effective assistance of counsel, were unproven by a fair preponderance of the evidence.
After the resolution of certain procedural matters, which did not concern the merits of the petitioner's claims, a hearing on the petitioner's amended Petition for a Writ of Habeas Corpus was started before Parker, J., and completed by the court. The parties agreed that the present court could utilize the transcript of the proceedings before Parker, J., and the additional evidence and testimony presented to it, in reaching its decision.
The amended complaint, dated March 24, 1999, sounded in three counts; Count Three, lack of a knowing and intelligent plea of NGRI at a pre-arranged disposition, Count Four, failure of the trial court to conduct of canvas of the plea of NGRI at the pre-arranged disposition, and, Count Five, that the petitioner was not competent at his disposition hearing of February 28, 1989.
On the date of commencement of the hearing before Parker, J., the fifth count was withdrawn by the petitioner.
A hearing on the remaining counts three and four was started before Parker, J., and completed before the court.
After a full hearing, the court finds that the petitioner has proven his allegations by a fair preponderance of the evidence.
The record is devoid of any indiciation that during his disposition hearing on February 28, 1989, the court expressly canvassed the petitioner as mandated by Practice Book Section 39-19.
Practice Book Section 39-19, in order to ascertain whether guilty pleas are made knowingly, and voluntarily, requires in relevant part:
 "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands
(1) The nature of the charge . . .
(2) The mandatory minimum sentence . . . CT Page 9384
(4) The maximum possible sentence on the charge . . .
 (5) The fact that he or she has the right to plead not guilty . . . and the fact that he or she has the right to be tried by a jury or a judge and that at the trial the defendant has the right to confront and cross examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."
No where, in the record is any indication that the petitioner "knowingly" and "voluntarily" relinquished his right to a jury trial or that he was made aware of the resultant consequences of a plea of not guilty by reason of mental disease or defect.
The state has urged the court to imply, that, because the trial judge always canvassed defendants properly and in accordance with the statutory requirements, he did so in this case.
This court disagrees. The canvassing of defendants, as mandated by statutes and rules, should be patent, unequivocable and readily ascertainable from the record. The fact that a defendant was properly canvassed must not be based on conjecture, speculation or inference.
The requirements governing the taking of a guilty plea also apply to the acceptance of a plea to not guilty by reasons of mental disease or defect; See State v. Connelly, 46 Conn. App. 486 (1997).
Under the circumstances presented by the record in this case, this court finds that the petitioner did not knowingly and voluntarily waive his constitutional right to a jury trial; nor did he understand the consequences of his plea of not guilty by reason of mental disease or defect. The lack of a satisfactory waiver of the petitioner's constitutional rights renders his plea involuntary. State v. Shockley,188 Conn. 697, 706 453 A.2d 441 (1982). A court will not presume a waiver of fundamental rights from a silent record. Id., 707.
Accordingly, pursuant to C.G.S. Sec. 52-493, this court hereby orders the petitions acquittal by reason of insanity vacated. A writ of habeas corpus is hereby issued. This order is stayed for forty days from the date hereof. If the State's Attorney having jurisdiction elects to proceed anew with criminal charges, the petitioner shall be presented to the court for arraignment thereon. If not done so within forty days, the petitioner is ordered from custody. CT Page 9385
SPALLONE JUDGE TRIAL REFEREE